# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF WISCONSIN
# MILWAUKEE DIVISION

| | |
|---|---|
| CAROL HOWARD, Individually and on Behalf of All Others Similarly Situated, | Case No.: 19-cv-719 |
| Plaintiff, | **CLASS ACTION COMPLAINT** |
| v. | |
| SEQUIUM ASSET SOLUTIONS, LLC, | **Jury Trial Demanded** |
| Defendant. | |

## INTRODUCTION

1. This class action seeks redress for collection practices that violate the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (the "FDCPA").

## JURISDICTION AND VENUE

2. The court has jurisdiction to grant the relief sought by the Plaintiff pursuant to 15 U.S.C. § 1692k and 28 U.S.C. §§ 1331 and 1337. Venue in this District is proper in that Defendant directed its collection efforts into the District.

## PARTIES

3. Plaintiff Carol Howard is an individual who resides in the Eastern District of Wisconsin (Milwaukee County).

4. Plaintiff is a "consumer" as defined in the FDCPA, 15 U.S.C. § 1692a(3), in that Defendant sought to collect from her a debt allegedly incurred for personal, family or household purposes, namely a personal credit card debt.

5. Defendant Sequium Asset Solutions, LLC ("Sequium") is a foreign limited liability company with its primary offices located at 1130 Northchase Parkway, Suite 150 Marietta, Georgia 30067.

6. Sequium does substantial business in Wisconsin and has designated its registered agent in Wisconsin for the service of process as Corporation Service Company, 8040 Excelsior Drive, Madison, Wisconsin 53717.

7. Sequium is engaged in the business of a collection agency, using the mails and telephone to collect consumer debts originally owed to others.

8. Sequium is engaged in the business of collecting debts owed to others and incurred for personal, family or household purposes.

9. Sequium is a debt collector as defined in 15 U.S.C. § 1692a.

### FACTS

10. On or around March 15, 2019, Sequium mailed a debt collection letter to Plaintiff regarding an alleged debt, allegedly owed to "Charter Communications." A copy of this letter is attached to this complaint as Exhibit A.

11. The alleged debt identified in Exhibit A was for alleged cable television service which was used only for personal, family, or household purposes.

12. Upon information and belief, Exhibit A is a form letter, generated by a computer, and with the information specific to Plaintiff inserted by the computer.

13. Upon information and belief, Exhibit A is a form debt collection letter, used by Defendant to attempt to collect alleged debts.

14. Upon information and belief, Exhibit A is the first written communication Sequium mailed to Plaintiff regarding this alleged debt.

15. Exhibit A contains the statutory validation notice that the FDCPA, 15 U.S.C. § 1692g, requires debt collectors provide alleged debtors along with, or within five days of, the initial communication:

> Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice that you dispute the validity of this debt, or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

Exhibit A.

16. Exhibit A also contains the following text:

> If you would like to make a payment on your account we have convenient ways to pay:
>
> • **Pay Online:** Please visit www.sequium.com to communicate with us about your account
> • **Pay By Mobile App:** Please download our mobile app from the App Store or Play Store
> • **Pay By Phone:** Please call the number listed above and speak with a representative
> • **Pay By Mail:** Please enclose the bottom portion of this letter with your payment

Exhibit A.

17. Exhibit A also contains the following:



Exhibit A.

18. On its face, Exhibit A is false, deceptive, misleading, and confusing.

3

19. <u>Exhibit A</u> directs the consumer to pay online at Sequium's website: www.sequium.com.

20. Sequium's "Contact Us" section of its webpage provides a form that consumers may use to provide notification that a debt is disputed https://www.sequium.com/ContactUs/ContactUs (accessed May 9, 2019):

**Contact Us**

Our goal is to provide a positive consumer experience while complying with all federal and state regulations. Please complete the form below for a fraud/ID theft claim, dispute, complaint, or a general question/comment.

We are here to help!

21. The form Sequium provides requires the consumer to provide her phone number and email. *Id.* (accessed May 9, 2019):

[Form with fields: Name, Phone Number, Email, Reference Number (if applicable), Upload Your File, Message, I'm not a robot reCAPTCHA, Submit]

22. If the consumer does not provide her phone number and email, Sequium does not process the consumer's dispute, as the web form automatically rejects the form submission, returning the error message "Please enter phone number" or "Please enter email."

23. Sequium cannot condition the processing of the consumer's dispute on her providing contact information. *See Bowse v. Portfolio Recovery Assocs., LLC*, 218 F. Supp. 3d 745, 752 (N.D. Ill. Nov. 2, 2016) (debt collector violates the FDCPA if it misinterprets a letter that disputes a debt as one that did not constitute a dispute).

24. Sequium's requirement that consumers who wish to use the online form to dispute their debts has an intimidating effect.

25. The misleading and confusing representations in Exhibit A have an intimidating effect, making the consumer feel that she is in over her head and had better pay rather than question the demand for payment. *Muha v. Encore Receivable Mgmt.*, 558 F.3d 623, 629 (7th Cir. 2009).

26. The misleading and confusing representations on Sequium's website has an intimidating effect, making the consumer feel that she is in over her head rather than question the demand for payment. *Id.*

27. Plaintiff was deceived, misled, and confused by Exhibit A.

28. The unsophisticated consumer would be deceived, misled, and confused by Exhibit A.

29. Plaintiff had to spend time and money investigating Exhibit A, and the consequences of any potential responses to Exhibit A.

30. Plaintiff had to take time to obtain and meet with counsel, including traveling to counsel's office by car and its related expenses, including but not limited to the cost of gasoline and mileage, to obtain counsel on the consequences of Exhibit A.

### *The FDCPA*

31. The FDCPA creates substantive rights for consumers; violations cause injury to consumers, and such injuries are concrete and particularized. *Derosia v. Credit Corp Solutions*, 2018 U.S. Dist. LEXIS 50016, at *12 (E.D. Wis. Mar. 27, 2018) ("'a plaintiff who receives misinformation form a debt collector has suffered the type of injury the FDCPA was intended to protect against' and 'satisfies the concrete injury in fact requirement of Article III.'") (quoting *Pogorzelski v. Patenaude & Felix APC*, 2017 U.S. Dist. LEXIS 89678, 2017 WL 2539782, at *3 (E.D. Wis. June 12, 2017)); *Spuhler v. State Collection Servs.*, No. 16-CV-1149, 2017 U.S. Dist. LEXIS 177631 (E.D. Wis. Oct. 26, 2017) ("As in Pogorzelski, the Spuhlers' allegations that the debt collection letters sent by State Collection contained false representations of the character, amount, or legal status of a debt in violation of their rights under the FDCPA sufficiently pleads a concrete injury-in-fact for purposes of standing."); *Bock v. Pressler & Pressler, LLP*, No. 11-7593, 2017 U.S. Dist. LEXIS 81058 *21 (D.N.J. May 25, 2017) ("through [s]ection 1692e of the FDCPA, Congress established 'an enforceable right to truthful information concerning' debt collection practices, a decision that 'was undoubtedly influenced by congressional awareness that the intentional provision of misinformation' related to such practices, 'contribute[s] to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy,"); *Quinn v. Specialized Loan Servicing, LLC*, No. 16 C 2021, 2016 U.S. Dist. LEXIS 107299 *8-13 (N.D. Ill. Aug. 11, 2016) (rejecting challenge to Plaintiff's standing based upon alleged FDCPA statutory violation); *Lane v. Bayview Loan Servicing, LLC*, No. 15 C

10446, 2016 U.S. Dist. LEXIS 89258 *9-10 (N.D. Ill. July 11, 2016) ("When a federal statute is violated, and especially when Congress has created a cause of action for its violation, by definition Congress has created a legally protected interest that it deems important enough for a lawsuit."); *Church v. Accretive Health, Inc.*, No. 15-15708, 2016 U.S. App. LEXIS 12414 *7-11 (11th Cir. July 6, 2016) (same); *see also Mogg v. Jacobs*, No. 15-CV-1142-JPG-DGW, 2016 U.S. Dist. LEXIS 33229, 2016 WL 1029396, at *5 (S.D. Ill. Mar. 15, 2016) ("Congress does have the power to enact statutes creating legal rights, the invasion of which creates standing, even though no injury would exist without the statute," (quoting *Sterk v. Redbox Automated Retail, LLC*, 770 F.3d 618, 623 (7th Cir. 2014)). For this reason, and to encourage consumers to bring FDCPA actions, Congress authorized an award of statutory damages for violations. 15 U.S.C. § 1692k(a).

32. Moreover, Congress has explicitly described the FDCPA as regulating "abusive practices" in debt collection. 15 U.S.C. §§ 1692(a) – 1692(e). Any person who receives a debt collection letter containing a violation of the FDCPA is a victim of abusive practices. *See* 15 U.S.C. §§ 1692(e) ("It is the purpose of this subchapter to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses").

33. 15 U.S.C. § 1692e generally prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

34. 15 U.S.C. § 1692e(2)(a) specifically prohibits "The false representation of — the character, amount, or legal status of any debt.

7

35. 15 U.S.C. § 1692e(10) specifically prohibits the "use of any false representation or deceptive means to collect or attempt to collect any debt."

36. 15 U.S.C. § 1692f generally prohibits "unfair or unconscionable means to collect or attempt to collect any debt."

37. 15 U.S.C. § 1692g(a) states, in part:

> (a) Notice of debt; contents. Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing— …
>
> (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

38. Any collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor.

## COUNT I – FDCPA

39. Plaintiff incorporates by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

40. <u>Exhibit A</u> directs consumers to Sequium's website.

41. Sequium's website allows consumers to submit written disputes through a web form, but the web form requires the consumer to provide the consumer's phone number and email address in order to submit a dispute through the web form.

42. Sequium's online dispute process intimidates consumers into foregoing disputes and overshadows the validation notice.

43. Defendant violated 15 U.S.C. §§ 1692e, 1692e(10), 1692g(a) and 1692g(b).

## CLASS ALLEGATIONS

44. Plaintiff brings this action on behalf of a Class, consisting of (a) all natural persons in the State of Wisconsin (b) who were sent a collection letter in the form represented by <u>Exhibit A</u> to the complaint in this action, (c) seeking to collect a debt for personal, family or household purposes, (d) between May 14, 2018 and May 14, 2019, inclusive, (e) that was not returned by the postal service.

45. The Class is so numerous that joinder is impracticable. Upon information and belief, there are more than 50 members of the Class.

46. There are questions of law and fact common to the members of the class, which common questions predominate over any questions that affect only individual class members. The predominant common question is whether the Defendant complied with the FDCPA.

47. Plaintiff's claims are typical of the claims of the Class members. All are based on the same factual and legal theories.

48. Plaintiff will fairly and adequately represent the interests of the Class members. Plaintiff has retained counsel experienced in consumer credit and debt collection abuse cases.

49. A class action is superior to other alternative methods of adjudicating this dispute. Individual cases are not economically feasible.

## JURY DEMAND

50. Plaintiff hereby demands a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and the Class and against Defendant for:

(a) actual damages;

(b) statutory damages;

(c) attorneys' fees, litigation expenses and costs of suit; and

(d) such other or further relief as the Court deems proper.

Dated: May 14, 2019

**ADEMI & O'REILLY, LLP**

By: /s/ John D. Blythin
John D. Blythin (SBN 1046105)
Mark A. Eldridge (SBN 1089944)
Denise L. Morris (SBN 1097911)
Jesse Fruchter (SBN 1097673)
Ben J. Slatky (SBN 1106892)
3620 East Layton Avenue
Cudahy, WI 53110
(414) 482-8000
(414) 482-8001 (fax)
jblythin@ademilaw.com
meldridge@ademilaw.com
dmorris@ademilaw.com
jfruchter@ademilaw.com
bslatky@ademilaw.com